UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**Miguel FIGUEROA,**<br>                    **Defendant.** | Crim. No. 15-0098 (KM)<br><br>**MEMORANDUM and ORDER**<br>(Gov't motion *in limine*) |

This one-count Indictment charges that the defendant, Miguel Figueroa, having previously been convicted of a felony offense in the Superior Court of New Jersey, Essex County, possessed a firearm and ammunition. *See* 18 U.S.C. § 922(g)(1). I have already decided the defendant's pretrial motions, after an evidentiary hearing, by order and opinion dated November 30, 2015. (ECF Nos. 21, 22) At that time, the United States had also moved *in limine* to use for impeachment purposes evidence of defendant's two prior felony convictions. (ECF No. 11) I was prepared to decide that motion on November 30, 2015. At the motion hearing, however, defense counsel represented that it was unnecessary to decide it because his client was highly unlikely to testify. I therefore denied that motion as moot. (ECF No. 22 ¶7) In a recent status conference, counsel indicated that his client might testify. I have therefore prepared this opinion and order. I now rule, and grant the government's motion as to a 2010 CDS conviction, but deny it as to a 2000 conviction for receipt of stolen property.

The parties are advised, however, that pretrial motions *in limine* are necessarily decided without the context of the trial record. Such trial developments as the introduction of other relevant evidence, or a party's "opening the door," may lead the Court to revisit an issue. The door-opening issue, in particular, suggests that particular care be taken in the manner of presenting the defendant's testimony.

I.      **The 2010 Felony CDS Conviction**

The first conviction that the government seeks to use to impeach Mr. Figueroa's testimony is

> (a) September 13, 2010: Possession of a controlled dangerous substance ("CDS"), N.J. Stat. Ann. § 2C:35-10a; sentenced to three years of probation plus credit for time served [Judgment entered 10/29/2010]

The government represents that this is a felony offense under state law.

Federal Rule of Evidence 609(a)(1)(B) provides that evidence that an accused has been convicted of a felony "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant."[1]

> "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *Walden v. Georgia Pac. Corp.*, 126 F.3d 506, 523 (3d Cir.1997) (quoting *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir.1993)) (further citation omitted). "Rule 609 evidence is admitted in order to inform the jury about the character of the witnesses whose testimony the jury is asked to believe." *Id.* (citing *United States v. Martinez*, 555 F.2d 1273, 1275 (5th Cir. 1977).
>
> When a defendant chooses to testify at his trial he places his credibility "directly at issue." *United States v. Beros*, 833 F.2d 455, 463–64 (3d Cir. 1987).

*United States v. Murphy*, 172 F. App'x 461, 462–63 (3d Cir. 2006)

In considering whether probativeness outweighs prejudice under Rule 609, the court must balance four factors:

> (1) the kind of crime involved;
> (2) when the conviction occurred;
> (3) the importance of the defendant's testimony; and
> (4) the degree to which the defendant's credibility is central to the case.

---

[1]     That Rule 609 probativeness/prejudice balance essentially reverses the burden of persuasion under Rule 403.

Different rules apply if the prior offense is one involving dishonesty or false statement, or if more than 10 years have passed since the conviction or release from imprisonment. Fed. R. Evid. 609(a)(2) & (b). *See* Part II, *infra.*

2

*Gov't of V.I. v. Bedford,* 671 F.2d 758, 761 n.4 (3d Cir. 1982). *Accord United States v. Caldwell,* 760 F.3d 267, 286 (3d Cir. 2014).

### 1. *Nature of offense*

Mr. Figueroa's 2010 felony conviction involves the illegal possession of narcotics. Such drug offenses, which are not crimes of falsehood, fall within the general felony-impeachment category of Fed. R. Evid. 609(a)(1)(B). *See United States v. Ortiz,* 553 F.2d 782 (2d Cir. 1977); *see also Murphy, supra.*[2]

The evident rationale of Rule 609(a)(1)(B) is that commission of a felony-grade offense bespeaks a willingness to disregard social norms, and therefore bears on the likelihood that a defendant would testify truthfully. The prior felony, however, need not have had falsehood as an element.

For such non-falsehood felonies, there is a continuum of relevance. An impulsive crime such as assault may have less probative value regarding truthfulness, and a deliberative offense such as theft may have more. *See Caldwell,* 760 F.3d at 286. Narcotics possession would seem to fall between those two extremes. Although it has been held that narcotics dealing tends to involve deliberation, secrecy, and dissimulation, *see Ortiz,* 553 F.2d at 784; *see also United States v. Murphy, supra,* that reasoning has less force with respect to narcotics possession, the offense here.

A potential source of countervailing prejudice is the similarity between the prior offense and the currently charged offense. Some jurors may subscribe to an essentialist, or "bad apple," theory of human behavior. Where the prior and current offenses are identical, a jury may unfairly assume that the

---

[2] In unpublished decisions, the Third Circuit has accepted other Circuits' conclusion that such drug convictions relate to credibility:

> [W]e agree with the District Court that Gaston's prior drug convictions were probative of his credibility. See *United States v. Cordoba,* 104 F.3d 225, 229 (9th Cir. 1997) (holding that a prior conviction for possession with intent to distribute cocaine is admissible under Rule 609); *United States v. Hernandez,* 106 F.3d 737, 739–40 (7th Cir. 1997) (holding that prior convictions for possession of cocaine and marijuana are admissible to impeach defendant).

*United States v. Gaston,* 509 F. App'x 158, 160 (3d Cir. 2013); *see also Murphy, supra.*

defendant is prone to commit that particular offense and so must be guilty of the current charges. *See Caldwell,* 760 F.3d at 286–87 (government proffers prior firearms conviction in a firearms case); *United States v. Hans,* 738 F.2d 88, 94 (3d Cir. 1984) (approving district judge's determination that prior conviction of assault with intent to commit armed robbery was "too similar" to charged offense of armed bank robbery).

Here, the 2010 offense involved drug possession, while the current charged offense is illegal possession of a weapon. The offenses are not identical. The forbidden inference in its classic form—that defendant committed offense X before, and so is more likely to have committed offense X this time—does not arise.

That said, an individual juror may associate drugs and guns. That association, however, is less potent with respect to drug possession, as opposed to drug trafficking. I will nevertheless police the evidence to ensure that this possessory gun offense is not unfairly linked with drug trafficking. *See United States v. Gaston,* 509 F. App'x 158, 160–61 (3d Cir. 2013).

Some specialized considerations arise from the nature of this firearms offense. Commonly, in a felon-in-possession case, the defense stipulates to the existence of the prior conviction. That being the case, the government's case in chief will not reveal the specific nature of the prior felony. *See Old Chief v. United States,* 519 U.S. 172 (1997). At the close of the prosecution's case, then, the jury will have heard only that the defendant has a prior, unspecified, felony conviction. Whether or not that stipulation is reached, however, I will consider the balance of probativeness against the prejudice, or the *incremental* prejudice, of revealing on cross-examination that the prior felony was a drug offense. *Cf. United States v. Johnson,* 302 F.3d 139, 152 (3d Cir. 2002) ("the risk of unfair prejudice was relatively slim, as the jury already knew that there was an outstanding warrant for Johnson's arrest when he was taken into custody").

4

I find that revealing the nature of the prior offense on cross-examination of the defendant will not upset the probativeness/prejudice balance. As noted above, different kinds of felonies may bear on credibility to a greater or lesser extent. Naming a prior conviction on cross-examination will enable the jury to judge its probativeness in a way that a generic reference would not. *See generally Caldwell*, 760 F.3d at 286 n.14. To name the prior felony as a drug offense will give the jury a basis for exercising its judgment. That probativeness outweighs any associated prejudice. The nature of the prior offense may therefore be revealed on cross-examination of the defendant.[3]

Any residual risk of prejudice may be dealt with by an appropriate instruction to the jury. *Id.* at 161 ("the District Court minimized any prejudice that may have resulted from the admission of the convictions by limiting the government to asking about the fact of the conviction and the date of the conviction and issuing a limiting instruction that directed the jury that Gaston's prior convictions were not to be considered for any purpose other than assessing his credibility").

### 2. *Date of prior convictions*

The 2010 CDS conviction occurred approximately 4 years before the currently charged firearms offense. That is well within the Rule 609 "lookback" period of 10 years. *See* Fed. R. Evid. 609(b). The defendant is not being tarred with old matters that no longer fairly represent his character.

### 3, 4. *Importance of defendant's testimony/ Centrality of defendant's credibility*

The third and fourth factors are interrelated, and are somewhat in tension with each other. *See Caldwell*, 760 F.3d at 288 n.15. The defense has

---

[3] It appears from defendant's rap sheet that the offense of conviction may have occurred in a school zone. Even if that is so, I will not permit any reference to a school zone. School zone offenses are defined by geographical proximity to a school property (and school zones may encompass most of a dense urban area such as Newark). *See* N.J. Stat. Ann. 2C:35-7. A lay jury, however, might infer that the defendant sold drugs to school children, an unjustified and unduly prejudicial conclusion that is not offset by any legitimate impeachment value.

not yet stated definitively whether it will introduce the testimony of independent witnesses (or even that of the defendant himself). The defendant's testifmony, whether or not he is not the sole defense witness, must be considered critical. That very circumstance, however, would also raise the ante as to his credibility.

The defendant's testimony would set up a credibility contest between himself and the police officers as to, for example, the circumstances of the arrest and his alleged possession of the gun. But if the trial is to be a swearing contest, then the jury must be given the tools to do its fact-finding job. *United States v. Johnson* is to the point: "Credibility was a major issue at trial because [defendant]'s defense depended on the jury believing his story rather than [prosecution witness]'s, and evidence of a felony conviction is probative of credibility." 302 F.3d 139, 152 (3d Cir. 2002).

Factors 3 and 4 suggest that a jury weighing Mr. Figueroa's credibility should hear about his 2010 CDS conviction.

My ruling as to the 2010 felony CDS conviction, then, is as follows: First, if the defendant testifies, I will permit the United States to impeach him with the 2010 CDS conviction. Second, the nature of that 2010 felony may be revealed, but there will be no mention of a school zone. Third, I will deliver an appropriate limiting instruction to the effect that the prior felony is to be considered only as to credibility.

## II.   The 2000 Felony Conviction for Receipt of Stolen Property

The second conviction that the government seeks to use to impeach Mr. Figueroa's testimony is

> (b) February 2, 2000 – Receiving stolen property, N.J. Stat. Ann. § 2C:20-7; sentenced to four years' imprisonment. [Judgment entered 9/15/2000]

This 2000 stolen property conviction falls outside of Rule 609's ten-year "lookback" period. Fed. R. Evid. 609(b)(2) ("This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from

confinement for it, whichever is later.").[4] As to a conviction more than 10 years old, the government must meet a higher standard:

> Evidence of the conviction is admissible [for impeachment] only if ... the probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b)(1). I apply that heightened standard in light of the four *Bedford* factors.

Receipt of stolen property has some relevance. The state statute makes it an offense if a person "knowingly receives or brings into this State movable property of another knowing that it has been stolen, or believing that it is probably stolen." N.J. Stat. Ann. § 2C:20-7. The conviction is therefore suggestive of general dishonesty, if not falsehood *per se*. The government does not offer any further "specific facts and circumstances," however, from which I can say more.

The government has not demonstrated any particularized need to dredge up antique matters. It has more recent and relevant impeachment material dating from 2010, *see supra*. Denial of its motion as to this 2000 conviction will not result in the jury's being misled into thinking the defendant has an unblemished record.

I do not find that the probativeness of the 2000 conviction for receipt of stolen property substantially outweighs the potential prejudice. As to this 2000 conviction, the government's motion is denied.

---

[4] The current offense occurred on September 11, 2014. Defendant pled guilty to the stolen property offense on February 2, 2000, and was sentenced on September 15, 2000. The government concedes in its motion that the test for convictions over ten years old applies, but does not state the date of Figueroa's release from his four-year sentence of imprisonment.

7

## ORDER

Accordingly, **IT IS** this 11th day of January, 2016

**ORDERED** that the motion of the United States *in limine* (ECF No. 11) is **GRANTED IN PART and DENIED IN PART**, for the reasons and to the extent stated in the foregoing Opinion. The defendant's 2010 felony conviction for possession of CDS may be used to impeach him in the event he testifies. The 2000 conviction for receipt of stolen property may not be used for impeachment.

                                    KEVIN MCNULTY
                                    United States District Judge