UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Miguel FIGUEROA,<br>            Defendant. | Crim. No. 15-98 (KM)<br><br>OPINION & ORDER |

## MCNULTY, District Judge

    This matter comes before the court on the motion of the defendant, Miguel Figueroa, for an extension of the one-year deadline to file his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons stated herein, I find that the § 2255 motion was filed timely. In response to my order that the government state its legal position as to the issue of timeliness in this *pro se* case, I received what amounted to a back-of-the-hand. To be clear, I do not suggest that the circumstances suggest anything beyond one-time carelessness, but I will expect better in the future.

    Mr. Figueroa was indicted on a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On January 12, 2016, the defendant waived a jury trial and the court adjudged him guilty on stipulated facts. (DE 29, 30) The purpose of that procedure was to preserve for appeal the issue of the court's denial of his motions to suppress evidence, which had been the subject of an evidentiary hearing. Final judgment was entered on June 2, 2016, and the defendant was sentenced to 65 months' imprisonment. (DE 32, 33)

    Figueroa filed a timely notice of appeal. (DE 34) I appointed new counsel for that purpose. (DE 36) In the Court of Appeals, new counsel filed an *Anders* brief, and the defendant filed his own *pro se* brief, which the court considered. In an unpublished opinion dated April 19, 2017, the Court of Appeals found

the appeal of denial of the suppression motion to be frivolous and granted counsel's motion to withdraw. (*See* copy of decision at DE 42-2.) The Court of Appeals' mandate issued on May 11, 2017. (DE 42)

On July 24, 2018, Figueroa filed a § 2255 motion, together with a motion for leave to file it out of time. (DE 43) The extension motion cited medical grounds, as well as a transfer between institutions and frequent lockdowns, as justification for the delay. (DE 43-2)

By text order dated August 20, 2018, I ordered that the government file a response to the extension motion. (DE 44) After obtaining a 30-day extension, the government filed a short letter noting that the limitations period under § 2255 is one year, and that Figueroa's motion was filed more than one year after the Court of Appeals' judgment of affirmance, dated April 19, 2017. (DE 46)[1]

That I knew. I see at least three unaddressed issues here, however.

First, the conviction, although affirmed by the Court of Appeals, did not become "final" for these purposes until the expiration of the deadline to seek a writ of certiorari from the U.S. Supreme Court. *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 1079 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). That deadline to seek certiorari expires 90 days after the Court of Appeals enters judgment, with irrelevant exceptions. *See* U.S. Sup. Ct. R. 13(1).[2]

---

[1] By statute, the § 2255 limitations period begins to run from the latest of the following: the date the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if the motion is based on a newly recognized right made retroactive to collateral review matters, or the date on which the facts supporting the claim could first have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). Statutory grounds other than (f)(1), the date the conviction became final, do not seem to be involved.

[2] "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the

2

The date that the Court of Appeals entered judgment (April 19, 2017) plus 90 days comes out to Tuesday, July 18, 2017. The one-year limitation period therefore expired on July 18, 2018—a mere six days before the § 2255 motion was actually received and filed by the clerk on July 24, 2018. (DE 43; *see also* clerk's "Received" stamp, DE 43-6.)

Second, the government's submission did not consider the effect of the "prison mailbox rule."[3] *Houston v. Lack*, 487 U.S. 266, 270–71, 108 S. Ct. 2379, 2382–83 (1988). *Houston* recognized the quandary of *pro se* prisoners who cannot ensure that the court clerk will timely receive their notices of appeal. A prisoner, the Court explained, "has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Id.* at 271, 108 S. Ct. at 2382. *Houston* therefore promulgated a rule that a notice of appeal would be deemed filed on the date that the prisoner delivered it to the prison authorities for mailing. *See also* Fed. R. App. P. 4(c) (amended to comply with *Houston* as to notices of appeal).

Twenty years ago, the Third Circuit extended the *Houston* prison mailbox rule to the one-year AEDPA deadline for motions under 28 U.S.C. § 2255:

> [W]e hold that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court. And because we see no reason why federal prisoners should not benefit from such a rule, and for the purposes of clarity and uniformity, we extend this holding to the filing of motions under § 2255.

---

Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." U.S. Sup. Ct. R. 13(1).

The running of that deadline may be delayed by a motion for rehearing in the Court of Appeals. U.S. Sup. Ct. R. 13(3); *United States v. Wall*, 456 F.3d 316, 320 (3d Cir. 2006). The Third Circuit docket discloses that Figueroa did not move for rehearing.

3    That issue may have been skipped because, under the government's erroneous view of the date that the conviction became final, the effect of the mailbox rule would not have been significant.

3

*Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

It would not be unusual for six days to pass between delivery of papers to the prison authorities and their receipt by the clerk in the mail. I note also that this motion necessarily originated at FCI Berlin in New Hampshire, and that the postmark, applied at Kearny, New Jersey, seems to be "Thu 19 Jul 2018." (Envelope, DE 43-6)[4] If that reading is correct, the motion was surely in the hands of prison authorities on or before July 18, 2018.

Still, it is not necessary to fall back on speculation. "Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition." *Jones v. United States*, No. CV 14-4655 (RBK), 2017 WL 4235736, at *2 (D.N.J. Sept. 25, 2017) (quoting *Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012)). As it happens, this § 2255 motion contains such a signed declaration under penalty of perjury. The declaration states that the motion was placed in the prison mailing system on June 07, 2018. (DE 43-4 at p.13)[5]

The government has not submitted any evidence about this mailing in particular or prison mailing procedures in general. I will therefore accept the defendant's representation. I find that the motion was delivered to the prison authorities for mailing before the expiration of the one-year deadline on July 18, 2018, and is therefore timely.

Third, even assuming *arguendo* the correctness of the government's position that the § 2255 motion was not filed within the one-year limitation

---

4    I say "seems" because the postmark is over-stamped and somewhat blurry, at least in the scanned version of the envelope. I do take notice, however, that July 19, 2018 was a Thursday.

5    Technically, this declaration—which seems to be part of the official form distributed to prisoners for § 2255 motions—could only signify that the motion was *about to be* placed in the prison mail system. Obviously, it could not have been signed *after* the motion had been mailed. Many a certification of service signed by an attorney would be subject to the same objection.

4

period, the government's submission completely misses that the defendant's *pro se* motion for an extension obviously seeks equitable tolling:

> In addition [to statutory tolling], the § 2255 statute of limitations, like the habeas statute of limitations, is subject to equitable tolling. *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). As the District Court correctly noted, equitable tolling requires a § 2255 movant to show (1) that he faced "extraordinary circumstances that stood in the way of timely filing," and (2) that he exercised reasonable diligence. *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (citing *Pace*, 544 U.S. at 418, 125 S. Ct. 1807). Although the due diligence requirements of both § 2255(f)(4) and equitable tolling are fundamentally objective tests, those analyses must include consideration of the prisoner's particular circumstances. *See Wims* [*v. United States*, 225 F.3d 186, 190 (2d Cir.2000)]; *Pabon*, 654 F.3d at 399.

*United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014). The extension motion cited the following: "severe internal injuries" which resulted in the defendant's being "bedridden . . . until August 2017"; a September 2017 transfer to FCI Berlin; constant lockdowns because of gang activity (which presumably would interfere with the preparation of legal papers); documented side effects of medication; and other reasons.

Since I have found the filing timely, I do not need to decide whether these circumstances would suffice to justify equitable tolling. Given the government's view of the deadline, however, the issue should have been addressed.

### ORDER

**IT IS THEREFORE** this 8th day of November, 2018,

**ORDERED** that the § 2255 motion (DE 43-4; *see also* DE 43-5) be considered timely filed. The clerk may transfer the § 2255 proceedings to a separate docket number.

**AND IT IS FURTHER ORDERED** that, the filing being timely, the motion for an extension of time (DE 43-2) is dismissed without prejudice as moot.

**AND IT IS FURTHER ORDERED** that within 30 days the government shall file a response to the § 2255 motion that, while advocating for the government's

5

position, nevertheless makes an evenhanded presentation of the governing legal standards and relevant facts, after appropriate research.

The clerk shall send a copy of this opinion and order to the defendant, Miguel Figueroa, by regular first-class mail.

**KEVIN MCNULTY, U.S.D.J.**